IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Anthony Jackson, | Case No. 1:24 cv 1641 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| Daniel Gaul, | MEMORANDUM OPINION AND ORDER |
| **Defendant.** | |

### Background

*Pro se* Plaintiff Anthony Jackson has filed an *in forma pauperis* civil rights complaint in this case against Cuyahoga County Court of Common Pleas Judge Daniel Gaul. (Doc. No. 1.) In his complaint, Plaintiff contends Judge Gaul violated his constitutional rights in connection with criminal cases brought against him in Cuyahoga County, including by not allowing him to be released from jail after his bond was paid, and by stating that he was guilty and a danger to society before he was given a trial before a jury of his peers. (Id. at 4-5, ¶¶ II.D and III.C.) For relief, Plaintiff seeks $10 million dollars in damages for mental anguish caused by being held in jail after his bond was paid and "defamation of character." (*Id*. at 6, ¶ V.)

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the following reasons, his complaint is dismissed.

### Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint

that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B).

Plaintiff has already sued Judge Gaul (and others) in this Court for conduct taken during the course of criminal proceedings against Plaintiff in the Cuyahoga County Court of Common Pleas, and this Court dismissed Plaintiff's prior action against Judge Gaul on the basis of judicial immunity. *See Jackson v. Cuyahoga County Common Pleas Court*, No. 1: 23 cv 2388, 2024 WL 1282700 (N.D. Ohio Mar. 26, 2024). Even if Plaintiff's current complaint is not barred on the basis of this Court's prior judgment, the same result obtains here.

Judicial officers have absolute immunity from civil suits for money damages based on their conduct and decisions they make while performing judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is designed to ensure that the independent and impartial exercise of judgment by judicial officers is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; and (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge is not deprived of immunity, however, if the action he took was performed in error, maliciously, or in excess of his authority, so long as it was performed within the subject matter of the court over which he presides. *See Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001.)

Here, Plaintiff sues Judge Gaul for money damages for conduct and decisions that occurred during the course of criminal proceedings over which Judge Gaul presided and as to which the

Common Pleas Court has subject matter jurisdiction. Plaintiff does not allege facts reasonably suggesting a situation in which judicial immunity does not apply. Therefore, even if the decisions and conduct of Judge Gaul of which Plaintiff complains were in error or otherwise improper, Judge Gaul is entitled to absolute judicial immunity from Plaintiff's damages suit.

## Conclusion

Accordingly, for the foregoing reasons, and those stated by the Court in *Jackson*, 2024 WL 1282700, Plaintiff's complaint in this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 12, 2024

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE